OFFICE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

07 CV 3143

JUDGE LEISURE

| | |
|---|---|
| SOLYSTIC SAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07-Civ.-_____ ( ) |
| v. ) | |
| ) | ECF Case |
| MANNESMANN DEMATIC RAPISTAN CORP., ) | |
| SIEMENS DEMATIC RAPISTAN CORP. (a/k/a ) | COMPLAINT AND |
| SIEMENS DEMATIC CORPORATION), ) | DEMAND FOR JURY TRIAL |
| SIEMENS ENERGY & AUTOMATION, ) | |
| INC, POSTAL AUTOMATION DIVISION ) | |
| (a/k/a SIEMENS DEMATIC POSTAL ) | |
| AUTOMATION L.P.), SIEMENS ENERGY ) | |
| & AUTOMATION, INC, SIEMENS ) | |
| LOGISTICS AND ASSEMBLY SYSTEMS, INC., ) | |
| and DEMATIC CORP., ) | |
| ) | |
| Defendants. ) | |

APR 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Solystic SAS ("Solystic"), for its Complaint against Defendants Mannesmann Dematic Rapistan Corp., Siemens Dematic Rapistan Corp. (a/k/a Siemens Dematic Corp.), Siemens Energy & Automation, Inc, Postal Automation Division (a/k/a Siemens Dematic Postal Automation L.P.), Siemens Energy & Automation, Inc., Siemens Logistics and Assembly Systems, Inc., and Dematic Corp. (collectively "Rapistan" or "Defendants"), hereby alleges as follows:

## Nature of the Claim

1. This civil action is a claim for breach of contract against Rapistan for its failure to perform its payment obligations under a Patent and Know-How License Agreement, as amended. The relevant amendment was entered into between the parties on April 24, 2001 (the "Amendment"). Copies of the Patent and Know-How License Agreement and the Amendment are attached hereto as Exhibits A and B.

## The Parties

2. Plaintiff Solystic is a French corporation with its corporate headquarters and principal place of business located at 14, avenue Raspail, 94257 Gentilly Cedex France, France. Solystic is the successor corporation to Mannesmann Dematic Postal Automation ("MDPA").

3. Upon information and belief, Defendant Mannesmann Dematic Rapistan Corp. is or was a corporation organized under the laws of the State of New York with its headquarters and principal place of business located at 507 Plymouth Avenue, NE, Grand Rapids Michigan.

4. Upon information and belief, Defendant Siemens Dematic Rapistan Corp. (a/k/a Siemens Dematic Corp.) is or was a corporation organized under the laws of the State of New York with its headquarters and principal place of business located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan.

5. Upon information and belief, Defendant Siemens Logistics and Assembly Systems, Inc., is or was a corporation organized under the laws of the State of New York with its headquarters and principal place of business located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan.

6. Defendant Siemens Energy & Automation, Inc, is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business located at 3333 Old Milton Parkway, Alpharetta, Georgia.

7. Defendant Siemens Energy & Automation, Inc, Postal Automation Division (a/k/a Siemens Dematic Postal Automation L.P.) is a Delaware limited partnership with its headquarters and principal place of business located at 1401 Nolan Ryan Expressway, Arlington, Texas.

8. Defendant Dematic Corp. is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan.

9. Upon information and belief, one or more of Siemens Dematic Rapistan Corp., Siemens Energy & Automation, Inc, Postal Automation Division (a/k/a Siemens Dematic Postal Automation L.P.), Siemens Energy & Automation, Inc, Siemens Logistics and Assembly Systems, Inc., and/or Dematic Corp. is the successor to Mannesmann Dematic Rapistan Corp.'s obligations under the amended Patent and Know-How License Agreement.

### Jurisdiction and Venue

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over Rapistan because, among other things, Rapistan consented to the personal jurisdiction of this Court in the Patent and Know How License Agreement.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## Background

13.   On August 14, 1998, Rapistan and Solystic entered into the Patent and Know-How License Agreement which provided Rapistan with the right to use certain Solystic technology to produce postal sorting equipment for the United States Postal Service (the "USPS") as part of the AFSM-100 program. Under the AFSM-100 program, Rapistan and the USPS entered into a contract for the purchase of 175 AFSM-100 machines under what became known as the Phase I purchase order with an option by the USPS to order up to an additional 850 machines under subsequent purchase orders or phases.

14.   Pursuant to the August 14, 1998 Patent and Know-How License Agreement, Rapistan was required to pay Solystic a royalty of $5,000 for each machine that Rapistan produced under the AFSM-100 program.

15.   On April 24, 2001, as a result of the sale of Solystic (then known as MDPA) to Northrop Grumman Corporation by Rapistan's parent corporation, Siemens A.G., the parties entered into the Amendment.

16.   The Amendment revised Section 10.3 of the Patent and Know-How License Agreement to provide that royalties for AFSM-100 machines "produced under subsequent contracts shall be 3% of net sales price less installation costs . . . which would result in a royalty of about $29,130 per unit. . . ."

17.   The effect of the Amendment was to change the amount of the royalty to be paid by Rapistan to Solystic from $5,000 per machine to $29,130 per machine for all AFSM-100 machines produced under purchase orders subsequent to the initial Phase I AFSM-100 purchase order for 175 machines.

18. It was the understanding and intent of the parties to the Amendment that the increased royalty amount would apply to all AFSM-100 machines produced after the initial Phase I purchase order for 175 machines including, in particular, to all 362 machines produced under the USPS subsequent Phase II purchase order.

19. In breach of its obligations under the amended Patent and Know-How License Agreement, Rapistan has failed to pay the increased royalty amount on all Phase II AFSM-100 machines, but instead has paid the increased royalty amount only with respect to Phase II machines delivered after April 24, 2001.

20. As a result, Rapistan has paid the lower, insufficient $5,000 royalty amount on a total of 90 machines delivered prior to April 21, 2001.

## Count I: Breach of Contract

21. Rapistan breached the amended Patent and Know-How License Agreement by failing to pay the increased royalty amount on 90 Phase II AFSM-100 machines.

22. As a result of Rapistan's breach of the amended Patent and Know-How License Agreement, Solystic has sustained damages in the amount of at least $2,171,700.

## Prayer for Relief

WHEREFORE, Solystic prays for judgment:

A. Awarding Solystic compensatory damages on account of Rapistan's breach of the Patent and Know-How License Agreement as amended in the amount of at least $2,171,700, and in any further amounts that might be required to compensate Solystic for the damages sustained by Solystic as a result of Rapistan's breach;

B. Awarding Solystic pre- and post-judgment interest to the maximum extent permitted by law;

C.  Awarding Solystic attorneys' fees, costs and expenses that it incurs prosecuting its claim for breach of contract; and

D.  Granting Solystic such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Solystic demands a trial by jury in this action of all issues triable as of right by a jury.

April 18, 2007

Respectfully submitted,

FRIED FRANK HARRIS SHRIVER & JACOBSON LLP

_____
Elliot E. Polebaum (EP-4015)
John A. Borek (JB-3135)

1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004
Tel.: (202) 639-7000

One New York Plaza
New York, NY 10004
Tel.: (212) 859-8000

Counsel for Plaintiff

282878

SOLYSTICS SAS,

                        Plaintiff,

          - against -                07-Civ.-_____( )

MANNESMANN DEMATIC RAPISTAN CORP.,
SIEMENS DEMATIC RAPISTAN CORP. (a/k/a
SIEMENS DEMATIC CORPORATION), SIEMENS
ENERGY & AUTOMATION, INC, POSTAL
AUTOMATION DIVISION (a/k/a SIEMENS
DEMATIC POSTAL AUTOMATION L.P.),
SIEMENS ENERGY & AUTOMATION, INC,
SIEMENS LOGISTICS AND ASSEMBLY
SYSTEMS, INC., and DEMATIC CORP.,

                        Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

JOHN A. BOREK (JB-3135)
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004 - 1980
(212) 859 - 8000

Attorneys for Plaintiff
SOLYSTIC SAS