IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                              )
SOLYSTIC SAS,                                 )
                                              )
                Plaintiff,                    )      07-CV-3143 (PKL)
                                              )
-vs-                                          )      ECF Case
                                              )
MANNESMANN DEMATIC RAPISTAN )               **DEFENDANT DEMATIC**
CORP., SIEMENS DEMATIC RAPISTAN)            **CORP.'S ANSWER AND**
CORP. (a/k/a SIEMENS DEMATIC    )            **AFFIRMATIVE DEFENSES**
CORPORTION), SIEMENS ENERGY &  )
AUTOMATION, INC., POSTAL        )
AUTOMATION DIVISION (a/k/a      )
SIEMENS DEMATIC POSTAL          )
AUTOMATION L.P.), SIEMENS       )
ENERGY & AUTOMATION, INC.,      )
SIEMENS LOGISTICS AND ASSEMBLY)
SYSTEMS, INC., and DEMATIC CORP., )
                                              )
                Defendants.                   )
_____)

        Defendant, Dematic Corp. ("Dematic"), hereby answers Plaintiff's Complaint as

follows:

        1.      Dematic denies that it entered into the Patent and Know-How License Agreement

("Agreement") or any amendment thereto ("Amendment").  Dematic further denies that it is:

(1) a proper party to this litigation, (2) related to or affiliated with any other Defendant to this

litigation, (3) a successor in interest to the referenced Agreement or Amendment or (4) a

successor in interest to the lines of business that relate to the subject matter of the referenced

Agreement or Amendment; and denies any obligation to Plaintiff alleged in paragraph 1 of the

Complaint.

2.      Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3.      Dematic admits, upon information and belief, that Mannesmann Dematic Rapistan Corp. was previously organized under the laws of New York and previously had its principal place of business located at 507 Plymouth Avenue, NE in Grand Rapids, Michigan. Dematic denies all remaining allegations in paragraph 3 of the Complaint.

4.      Dematic admits, upon information and belief, that Siemens Dematic Corp. was previously organized under the laws of New York and previously had its principal place of business located at 507 Plymouth Avenue, NE in Grand Rapids, Michigan.  Dematic denies all remaining allegations in paragraph 4 of the Complaint.

5.      Dematic admits, upon information and belief, that Siemens Logistics and Assembly Systems, Inc. was previously organized under the laws of New York and previously had its principal place of business located at 507 Plymouth Avenue, NE in Grand Rapids, Michigan.  Dematic denies all remaining allegations in paragraph 5 of the Complaint.

6.      Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7.      Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint are admitted.

9.      Dematic denies that it is "the successor to Mannesmann Dematic Rapistan Corp.'s obligations under the amended Patent and Know-How License Agreement."  Dematic denies information or knowledge sufficient to form a belief as to whether the allegations in paragraph 9 of the Complaint are true or false with regard to any other Defendant.

10.    The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11.    Dematic denies that it is a party to the referenced Agreement and further denies that it consented to the personal jurisdiction of this Court.  Dematic denies information or knowledge sufficient to form a belief as to whether the remaining allegations in paragraph 11 of the Complaint are true or false with regard to any other Defendant.

12.    The allegations in paragraph 12 of the Complaint are legal conclusions which require no response; to the extent a response is required, Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13.    Dematic denies that it entered into the referenced Agreement.  Dematic denies the remaining allegations in paragraph 13 of the Complaint, and respectfully refers the Court to the referenced Agreement as the best evidence of its content.

14.    Dematic denies that it entered into the referenced Agreement and denies that it is liable to pay any royalty.  Dematic denies the remaining allegations in paragraph 14 of the Complaint, and respectfully refers the Court to the referenced Agreement as the best evidence of its content.

15.    Dematic denies that it entered into the referenced Amendment.  Dematic denies information or knowledge sufficient to form a belief as to whether the allegations in paragraph 15 of the complaint are true or false with regard to any other Defendant.

16.    Dematic denies that it entered into the referenced Amendment.  Dematic denies information or knowledge sufficient to form a belief as to whether the allegations in paragraph 16 of the Complaint are true or false with regard to any other Defendant.

17.    Dematic denies that it entered into the referenced Amendment and denies that it is liable to pay any royalty.  Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint.

18.    Dematic denies that it is a party to the referenced Amendment.  Dematic denies information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 of the Complaint.

19.    Dematic denies that it entered into the referenced Agreement or Amendment, denies that it ever had any obligations pursuant thereto, including but not limited to the obligation to pay any royalty, and denies information or knowledge sufficient to form a belief as to whether the allegations in paragraph 19 of the Complaint are true or false with regard to any other Defendant.

20.    Dematic denies that it ever entered into the referenced Agreement or Amendment, denies that it ever had any obligations pursuant thereto, including but not limited to the obligation to pay any royalty, and denies information or knowledge sufficient to form a belief as to whether the allegations in paragraph 20 of the Complaint are true or false with regard to any other Defendant.

21.    Dematic denies each and every allegation contained in paragraph 21 of the Complaint.  Dematic denies information or knowledge sufficient to form a belief as to whether the remaining allegations in paragraph 21 of the complaint are true or false with regard to any other Defendant.

22.     Dematic denies each and every allegation contained in paragraph 21 of the Complaint.  Dematic denies information or knowledge sufficient to form a belief as to whether the remaining allegations in paragraph 22 of the complaint are true or false with regard to any other Defendant.

23.     Dematic denies that Plaintiff is entitled to any of the damages or relief requested in the unnumbered paragraph of the Complaint labeled "wherefore" and in each of the paragraphs "A" through "D" of the Complaint included in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

24.     Plaintiff's claims as to Dematic are barred because Dematic is not a party to the referenced Agreement or Amendment, and is not a proper party to this litigation.

### Second Affirmative Defense

25.     Plaintiff's claims as to Dematic are barred because Plaintiff has failed to state a claim upon which relief can be granted.

Dematic reserves the right to rely upon such other additional defenses as may be indicated pending and/or following the completion of investigation and discovery herein. Dematic also reserves the right to amend and supplement its Answer to reflect the same.

WHEREFORE, Dematic respectfully requests that it be immediately dismissed from this litigation with prejudice, and further requests that this Court award Dematic its reasonable attorney fees and costs incurred in defending against this action, along with such other relief as the Court determines to be appropriate.

Dated:  July 16, 2007

David Prager (DP 4009)
Bond, Schoeneck & King, PLLC
330 Madison Avenue

5

New York, New York 10017
646.253.2300
Counsel for Dematic Corp.

-and-

Andrea J. Bernard (Michigan P 49209)
Brian T. Lang (Michigan P 63250)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503
616.752.2000
Co-counsel for Dematic Corp.
(*pro hac vice admission pending*)

M183939.2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SOLYSTIC SAS,

       Plaintiff,

  v.

MANNESMANN DEMATIC RAPISTAN CORP.,
SIEMENS DEMATIC RAPISTAN CORP. (a/k/a
SIEMENS DEMATIC CORPORATION), SIEMENS
ENERGY & AUTOMATION, INC., POSTAL
AUTOMATION DIVISION (a/k/a SIEMENS DEMATIC
POSTAL AUTOMATION, L.P.), SIEMENS ENERGY &
AUTOMATION, INC., SIEMENS LOGISTICS AND
ASSEMBLY SYSTEMS, INC., and DEMATIC CORP.,

       Defendants.

07-CV-3143 (PKL)

ECF Case

**CERTIFICATE OF SERVICE**

   I hereby certify that I am an attorney duly admitted to practice before this court, and that on July 16, 2007, I electronically filed Dematic Corp.'s **Answer and Affirmative Defenses** with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following:

     Elliot E. Polebaum, Esq. (EP 4015)
     Fried, Frank, Harris, Shriver & Jacobson, LLP (DC)
     1001 Pennsylvania Avenue, N.W., Suite 800
     Washington, DC  20004
     (202) 693-7008
     Email: elliot_polebaum@friedfrank.com

     John A. Borek, Esq. (JB 3135)
     Fried, Frank, Harris, Shriver & Jacobson
     One New York Plaza
     New York, NY  10011
     (212) 859-8584
     Email: ECFSDNYborekjo@ffhsj.com

     *Attorneys for Plaintiff Solystic SAS*

13428.1 7/16/2007

And, I hereby further certify that I have mailed by the United States Postal Service and by Electronic Mail the same document to the above individuals and to the following:

David Coale, Esq.
Rebecca Visosky, Esq.
Carrington, Coleman, Sloman & Blumenthal, LLP
901 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000
Email: DCoale@CCSB.com
Email: RVisosky@CCSB.com

Mark S. Cohen, Esq.
Sandra C. McCallion, Esq.
Cohen & Gresser LLP
100 Park Avenue, 23rd Floor
New York, NY  10017
(212) 957-7600
Email: MCohen@cohengresser.com
Email: SMccallion@cohengresser.com

*Attorneys for Defendants:*

*Mannesman Dematic Rapistan Corp.*

*Siemens Dematic Corp. (a/k/a Siemens Dematic Corporation)*

*Siemens Energy & Automation, Inc., Postal Automation Division (a/k/a Siemens Dematic Postal Automation L.P.)*

*Siemens Energy & Automation, Inc., and*

*Siemens Logistics and Assembly Systems, Inc.*

David E. Prager, Esq.

2