IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLYSTIC SAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 07-CV-3143 (PKL) |
| v. | ) |
| | ) ECF Case |
| MANNESMANN DEMATIC RAPISTAN CORP., | ) |
| SIEMENS DEMATIC RAPISTAN CORP. (a/k/a | ) ORIGINAL ANSWER |
| SIEMENS DEMATIC CORPORATION), | ) |
| SIEMENS ENERGY & AUTOMATION, | ) |
| INC., POSTAL AUTOMATION DIVISION | ) |
| (a/k/a SIEMENS DEMATIC POSTAL | ) |
| AUTOMATION L.P.), SIEMENS ENERGY | ) |
| & AUTOMATION , INC., SIEMENS LOGISTICS | ) |
| AND ASSEMBLY SYSTEMS, INC., and | ) |
| DEMATIC CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Mannesmann Dematic Rapistan Corp., Siemens Dematic Rapistan Corp., Siemens Logistics & Assembly Systems, Inc., Siemens Energy & Automation, Inc. and Siemens Energy & Automation, Inc. – Postal Automation Division (collectively "Siemens" or "Defendants") answer the original Complaint ("Complaint") filed by Plaintiff Solystic SAS ("Plaintiff" or "Solystic") as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE (ANSWER TO NUMBERED PARAGRAPHS)

1.      In response to paragraph 1 of the Complaint, Siemens admits that a copy of the Patent and Know-How License Agreement ("License Agreement") between Mannesmann

Dematic Rapistan Corp. and Alcatel Postal Automation Systems and the Amendment thereto (the "Amendment") is attached as Exhibits A and B to the Complaint, and that the effective date of the Amendment is April 24, 2001. Siemens denies the remaining allegations in paragraph 1 of the Complaint.

2.     Siemens is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint, and thus denies said allegations.

3.     In response to paragraph 3 of the Complaint, Siemens admits that Mannesmann Dematic Rapistan Corp. was a former New York corporation with its principal place of business formerly located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan. Siemens denies the remaining allegations in paragraph 3 of the Complaint.

4.     In response to paragraph 4 of the Complaint, Siemens admits that Siemens Dematic Corp. was a former New York corporation with its principal place of business formerly located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan. Siemens denies the remaining allegations in paragraph 4 of the Complaint.

5.     In response to paragraph 5 of the Complaint, Siemens admits that Siemens Logistic & Assembly Systems, Inc. was a former New York corporation with its principal place of business formerly located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan. Siemens denies the remaining allegations in paragraph 5 of the Complaint.

6.     In response to paragraph 6 of the Complaint, Siemens admits that Siemens Energy & Automation, Inc. is a Delaware corporation with its principal place of business located at 3333 Old Milton Parkway, Alpharetta, Georgia.

7.     In response to paragraph 7 of the Complaint, Siemens admits that Siemens Energy & Automation, Inc., Postal Automation Division is principally located at 1401 Nolan Ryan

Expressway, Arlington, Texas. Siemens denies the remaining allegations in paragraph 7 of the Complaint.

8. Upon information and belief in response to paragraph 8 of the Complaint, Siemens admits that Dematic Corp. is a Delaware corporation principally located at 507 Plymouth Avenue, NE, Grand Rapids, Michigan.

9. In response to paragraph 9 of the Complaint, Siemens admits that Siemens Energy & Automation, Inc. is the successor, in whole or in part, to the benefits and obligations running to Mannesmann Dematic Rapistan Corp. under the amended License Agreement. Siemens denies the remaining allegations in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Siemens admits this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

11. In response to paragraph 11 of the Complaint, Siemens objects to and denies the characterization of the License Agreement, which speaks for itself, and denies that all the named defendants, to whom the term "Rapistan" refers in the Complaint, consented to personal jurisdiction of the Court as stated in paragraph 11 of the Complaint. Siemens denies the remaining allegations in paragraph 11 of the Complaint.

12. Siemens denies the allegations in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Siemens admits that Mannesmann Dematic Rapistan Corp. and Alcatel Postal Automation Systems entered into the License Agreement, but objects to and denies the characterization of the License Agreement, which speaks for itself. Siemens admits that Mannesmann Dematic Rapistan Corp. entered a contract with the United States Postal Service to provide AFSM-100 machines, but objects to and denies

the characterization of said agreement, which speaks for itself. Siemens denies the remaining allegations in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Siemens objects to and denies the characterization of the License Agreement, which speaks for itself. Siemens denies the remaining allegations in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Siemens admits that an amendment to the License Agreement is addressed in section 3.1.10(a) of the Stock and Asset Purchase Agreement among Siemens AG, Mannesmann France S.A., Mannesmann Dematic Services NV and NGC Denmark ApS, Northrop Grumman Automated Systems Belgium NV, and Northrop Grumman Corporation, dated February 27, 2001, which speaks for itself. Siemens further admits the License Agreement was amended effective April 24, 2001. Siemens denies the remaining allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Siemens admits that the Amendment to the License Agreement included an amendment to Section 10.3 of the License Agreement. Siemens objects to and denies the characterization of the Amendment in the remaining allegations in paragraph 16 of the Complaint, which speaks for itself.

17. Siemens denies the allegations in paragraph 17 of the Complaint.

18. Siemens denies the allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Siemens admits that Mannesmann Dematic Rapistan Corp. and/or its successor(s)-in-interest has paid the increased royalty amounts due under the Amendment to the License Agreement, effective as of April 24, 2001. Siemens denies the remaining allegations in paragraph 19 of the Complaint.

20. Siemens denies the allegations in paragraph 20 of the Complaint.

21. Siemens denies the allegations in paragraph 21 of the Complaint.

22. Siemens denies the allegations in paragraph 22 of the Complaint.

23. Siemens denies the allegations and relief sought by Solystic in the Prayer for Relief in the Complaint.

24. Siemens denies all allegations in the Complaint not specifically admitted herein.

### THIRD DEFENSE (CHALLENGE TO CAPACITY TO BE SUED)

Plaintiff's claims against Defendant Siemens Dematic Rapistan Corp. are barred because this alleged corporate entity does not and has never existed, and thus lacks the capacity to be sued.

Plaintiff's claims against Defendant Mannesmann Dematic Rapistan Corp. and Defendant Siemens Logistics & Assembly Systems, Inc., as well as Siemens Dematic Corporation and Siemens Dematic Postal Automation, L.P. (to the extent the latter are independently named as defendants), are barred because these entities no longer exist and have been wholly acquired by other companies, and thus lack the capacity to be sued.

Defendant Siemens Energy & Automation, Inc., Postal Automation Division is a division of Siemens Energy & Automation, Inc. and does not maintain a separate corporate existence. Thus, the Postal Automation Division lacks the capacity to be sued separate and apart from Siemens Energy & Automation, Inc.

### AFFIRMATIVE DEFENSES

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff lacks standing as the real party in interest.

## SIXTH DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## SEVENTH DEFENSE

Plaintiff's recovery is barred in whole or in part by the defenses of payment, accord and satisfaction.

WHEREFORE, Siemens respectfully requests that Plaintiff take nothing by its claims against Defendants, and that Plaintiff's Complaint be dismissed with prejudice.

July 16, 2007

Respectfully submitted,

_/s/_
Mark S. Cohen (MC 9055)
Sandra C. McCallion (SC 0833)
**COHEN & GRESSER LLP**
100 Park Avenue, 23rd Floor
New York, New York  10017
Main No.:  (212) 757-7600
Fax No.:  (212) 957-4514

David S. Coale
Rebecca Visosky
**CARRINGTON, COLEMAN, SLOMAN &
  BLUMENTHAL, LLP**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

*Attorneys for Defendants Mannesmann Dematic Rapistan Corp., Siemens Dematic Rapistan Corp., Siemens Logistics & Assembly Systems, Inc., Siemens Energy & Automation, Inc. and Siemens Energy & Automation, Inc. - Postal Automation Division*