CENSURES.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/07

SOLYSTIC SAS,

      Plaintiff,

v.

MANNESMANN DEMATIC RAPISTAN CORP.,
SIEMENS DEMATIC RAPISTAN CORP. (a/k/a )
SIEMENS DEMATIC CORPORATION),
SIEMENS ENERGY & AUTOMATION,
INC, POSTAL AUTOMATION DIVISION
(a/k/a SIEMENS DEMATIC POSTAL
AUTOMATION L.P.), SIEMENS ENERGY
& AUTOMATION, INC, SIEMENS
LOGISTICS AND ASSEMBLY SYSTEMS, INC.,
and DEMATIC CORP.,

      Defendants.

07 Civ. 3143 (PKL)

**REPORT OF RULE 26(F) CONFERENCE AND
PROPOSED DISCOVERY PLAN AND CASE MANAGEMENT SCHEDULE**

WHEREAS, in accordance with Fed. R. Civ. P. 16, this Court issued an Order for an Initial Pre-Trial Conference to take place on September 6, 2007 (the "Order"); and

WHEREAS, in accordance with Fed. R. Civ. P. 26(f), Plaintiff Solystic SAS ("Plaintiff") and Defendant Siemens Energy & Automation, Inc. (individually "Defendant", collectively the "parties") have conferred to consider the nature and basis of their claims and defenses and the possibilities for the prompt settlement or resolution of the case; to arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to discuss any issues relating to discovery of electronically stored

information; and to develop a proposed discovery plan and case management schedule,

NOW, THEREFORE, the parties have jointly prepared and executed this Report of Rule 26(f) Conference and proposed discovery plan and case management schedule:

1. The parties agree to and propose the Case Management Plan attached as Exhibit A hereto.

2. A parallel proceeding filed by Plaintiff against the same parties involving the same claim is pending in arbitration (Case No. 50 133 T 00133 07, International Centre for Dispute Resolution). Respondents in that arbitration submitted a plea as to jurisdiction. In the event the arbitration panel overrules the plea as to jurisdiction, the parties agree to jointly move for a stay of this action while the arbitration is pending to avoid duplicative proceedings.

3. The parties are in the process of preparing proposals regarding the preservation and discovery of electronically stored information.

4. The parties have exchanged information regarding possible settlement negotiations and are considering options for early dispute resolution.

STIPULATED AND AGREED TO BY:

_____
COHEN & GRESSER LLP
Mark S. Cohen
Sandra C McCallion
100 Park Avenue, 23rd Floor
New York, New York 10017
Main No.: (212) 757-7600
Fax No.: (212) 957-4514

CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, LLP
David S. Coale
Rebecca Visosky
901 Main Street
Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Facsimile: 214-855-1333

*Attorneys for Defendant
Siemens Energy & Automation, Inc.,*

_____
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
Elliot E. Polebaum (EP-4015)
Joseph J. LoBue

1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20004
Telephone: 202-639-7000
Facsimile: 202-639-7003

One New York Plaza
New York, NY 10004
Telephone: 212 859-8000
Facsimile: 212-859-4000

*Attorneys for Plaintiff Solystic SAS*

9/05/07
SO ORDERED:

_____
U.S.D.J.

3

Revised Form D—For cases assigned to Judge Leisure                    Effective: March 1, 2004

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
      Plaintiff(s)            :

           -v-               :      CIVIL CASE MANAGEMENT PLAN
                                       (JUDGE LEISURE)

      Defendant(s)           :      07 Civ. 3143 (PKL)
----------------------------------------x

     After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case is to be tried to a jury.

B.    Joinder of additional parties must be accomplished by October 26, 2007.

C.    Amended pleadings may be filed without leave of Court until October 26, 2007.

D.    The parties will serve initial disclosures required by Fed. R. Civ. P. 26(a)(1) by September 27, 2007.

E.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

     1.    Documents. First request for production of documents, if any, must be served by October 26, 2007. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

     2.    Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by November 16, 2007. No other interrogatories are permitted except upon prior express permission of Judge Leisure. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

     3.    Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by January 11, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by February 15, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.



4. <u>Depositions.</u> All depositions <u>(including any expert depositions, see item 3 above)</u> must be completed by March 21, 2008. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. The depositions of Plaintiff's expert(s), if any, shall occur before any depositions of Defendant's expert(s), and no deposition shall extend beyond one business day without prior leave of the Court.

5. <u>Requests to Admit.</u> Requests to Admit, if any, must be served by March 28, 2008.

6. All discovery is to be completed by April 28, 2008. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

F. Summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought after a pre-motion conference has been requested by the intended moving party on or before May 30, 2008. Motion filing schedules will be set at the pre-motion conference. The parties are instructed to furnish chambers with courtesy copies of all motion papers at the same time as their exchange among the parties.

G. Additional Agreements of the Parties:

1. <u>Disclosure of Expert Reports:</u> All drafts of expert reports are to be considered privileged and confidential and, therefore, will not be subject to discovery; provided, however, all other information listed in Fed. R. Civ. P. 26(a)(2) shall remain fully discoverable.

2. <u>Inadvertent Production:</u> In the event a party inadvertently produces information, documents or electronically stored information that is subject to a claim of privilege or of protection as trial-preparation material ("privileged material"), that party shall notify in writing any party or non-party that received the privileged material of (a) the claim; (b) the specific information, identified by document production bates number(s) (to the extent available) which the producing party claims is privileged or protected; (iii) the basis for such claim; and (iv) the date the producing party discovered the inadvertent production. Such notice shall be given within ten (10) days of discovery of the inadvertent production. After being notified, a party or non-party in possession of the privileged material specified in the notice must promptly return the privileged material and any copies it has and may not use or disclose the privileged material or any information contained therein. If a party or non-party wishes to challenge the claim, it must promptly present the privileged material to the Court under seal for a determination of the claim of privilege, during which time the material shall be treated as privileged and/or protected work product until and unless the Court determines otherwise. If the receiving party disclosed the privileged material before being notified by the producing party of its claim, it must take reasonable steps to retrieve the information.

3. <u>Assertions of Privilege:</u> After receiving a response indicating that information, documents or electronically stored information is being withheld on the basis of privilege or work product protection, the party seeking discovery may serve a written request that the withholding party identify the information, documents or electronically stored information withheld, and the withholding party must serve a privilege log within thirty (30) days of service of the request. Documents, information or electronically stored information, which the responding party asserts

are protected by the attorney-client privilege or work product doctrine and which are or were generated subsequent to April 1, 2005, need not be logged.

H.  A final pre-trial conference shall be held on [date to be inserted by the Court], at which time the Court shall set a firm trial date. The Joint Pretrial Order and/or other pre-trial submissions shall be filed/submitted to the Court by the parties within 60 days from the date for the completion of discovery, and otherwise shall be governed by the Court's Individual Rules of Practice.

I.  All motions and applications shall be governed by Judge Leisure's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
Peter K. Leisure U.S.D.J.

DATED: New York, New York