UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SOLYSTIC SAS,<br><br>        Plaintiff,<br><br>        v.<br><br>MANNESMANN DEMATIC RAPISTAN CORP., SIEMENS DEMATIC RAPISTAN CORP. (a/k/a SIEMENS DEMATIC CORPORATION), SIEMENS ENERGY & AUTOMATION, INC, POSTAL AUTOMATION DIVISION (a/k/a SIEMENS DEMATIC POSTAL AUTOMATION L.P.), SIEMENS ENERGY & AUTOMATION, INC, SIEMENS LOGISTICS AND ASSEMBLY SYSTEMS, INC., and DEMATIC CORP.,<br><br>        Defendants. | 07 Civ. 3143 (PKL)<br><br>PLAINTIFF SOLYSTIC SAS's INITIAL DISCLOSURES PURSUANT TO FED R. CIV. P. 26(a)(1) |

---

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Solystic SAS ("Solystic"), by its attorneys Fried, Frank, Harris, Shriver & Jacobson LLP, make these initial disclosures.

## INITIAL DISCLOSURES

I.    **Rule 26(a)(1)(A) Disclosures**

Subject to and without limiting the reservations stated below, Plaintiff submits the following initial disclosures of individuals likely to have discoverable information that Plaintiff may use to support Plaintiff's claims and defenses, unless solely for impeachment, the address if known, and the subject matter(s) of that information:

| Name and Last Known Address (If Known) | Subject Matter |
|---|---|
| John Russell<br>Senior Counsel<br>Northrop Grumman Corporation<br>Newport-News Sector<br>4101 Washington Avenue, Bldg. 86-3<br>Newport News, VA 23607-2770<br>Telephone: 757-688-0440 | Matters relating to Northrop Grumman's acquisition of Solystic (then known as MDPA) from Siemens; the negotiation of the Stock and Asset Purchase Agreement (the "SAPA") and the Amendment to the License Agreement (the "Amendment") between MDPA and Rapistan; the intent of the parties behind the SAPA and the Amendment; and Rapistan's failure to pay the amounts due under the Amendment. |
| Steven Axelrod<br>Chief Operating Officer<br>Peach State Integrated Technologies, Inc.<br>3005 Business Park Drive<br>Norcross, GA 30071 | Matters relating to Rapistan's AFSM Contracts; the License Agreement between Rapistan and MDPA; the Amendment to the License Agreement; the AFSM machines subject to the higher royalty under the Amendment; and Rapistan's failure to pay royalties as required. |
| Mitchell Mroz<br>3422 Wedgewood Lane<br>Burbank, California 91504<br>Telephone: 818-558-7921 | Matters relating to Northrop Grumman's acquisition of Solystic from Siemens; the intent of the parties behind the Amendment; and Rapistan's failure to pay the amount due under the Amendment. |
| Jay A. Shiba<br>Business Manager, Coast Guard<br>  and Coastal Defense<br>Northrop Grumman Ship Systems<br>Integrated Coast Guard Systems, LLC<br>1530 Wilson Boulevard<br>Suite 400<br>Arlington, VA 22209<br>Telephone: 571-218-3411 | Matters relating to the marketing by Siemens of MDPA; and the negotiation of the SAPA. |

I.  **Rule 26(a)(1)(B) Disclosures**

Subject to and without limiting the reservations stated below, Plaintiff submits the following initial list of categories of documents in its possession, custody or control that may be used to support its claims or defenses, other than solely for impeachment.

1. Documents relating to Siemens' marketing of the MDPA business.
2. Drafts and final version of the SAPA.
3. Drafts and final version of the Amendment.
4. Subcontract and Patent and Know-How License Agreement between Mannesmann Dematic and Alcatel Postal Automation Systems.
5. Documents relating to the negotiation of the SAPA and the Amendment.
6. Documents relating to AFSM machines warranting the higher royalty under the Amendment.
7. Documents relating to Rapistan's failure to pay the amounts due and owing.
8. Submissions to, and award of, the ICC Tribunal in the arbitration between Northrop Grumman and Siemens AG.

II. **Rule 26(a)(1)(C) Disclosures**

Subject to and without limiting the reservations stated below, Plaintiff seeks actual damages in the amount of $2,171,700 plus interest from the date the payment should have been made as well Plaintiff's reasonable costs and expenses incurred in this action, including reasonable attorneys' fees and experts' fees.

Pursuant to Rule 34, documents in support of the above-referenced categories of damages will be made available for inspection and copying.

III. **Rule 26(a)(1)(D) Disclosures**

Plaintiff is not aware of any applicable insurance agreements.

September 27, 2007                              FRIED, FRANK, HARRIS, SHRIVER
                                                                                     & JACOBSON LLP

By:   /s/ Elliot E. Polebaum
        Elliot E. Polebaum
        1001 Pennsylvania Avenue, NW
        Suite 800
        Washington, DC  20004
        (202)-639-7000

        One New York Plaza
        New York, New York 10004-1980
        (212) 859-8000

        Attorneys for Plaintiff Solystic SAS

        Richard A. Sauber
        Robbins, Russell, Englert, Orseck,
         Untereiner & Sauber LLP
        1801 K Street
        Suite 411
        Washington, DC  20006
        (202) 775-4506

        Co-Counsel for Plaintiff Solystic SAS

288086